UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 15 2020
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| DANIEL URQUEHART, § | |
| PLAINTIFF, § | |
| § | |
| § | |
| v. § | CASE NO. 4:20cv515-BRW |
| § | |
| UNION PACIFIC RAILROAD § | This case assigned to District Judge Wilson |
| COMPANY, § | and to Magistrate Judge Volpe |
| DEFENDANT § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIEL URQUEHART, Plaintiff, continuing to complain of UNION PACIFIC RAILROAD COMPANY, hereinafter referred to as Defendant and for cause of action respectfully states:

### I.   PARTIES & SERVICE OF CITATION

1. Plaintiff is a railroad worker and employee of Defendant, UNION PACIFIC RAILROAD COMPANY, and is a resident of the state of Arkansas.

2. Defendant, UNION PACIFIC RAILROAD COMPANY, at all times material hereto, was and is a railroad corporation, a common carrier, and was engaged in interstate commerce through and between the several states and doing business in the State of Arkansas.

3. Service of process may be had upon Defendant, UNION PACIFIC RAILROAD COMPANY, through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

### II.   VENUE AND JURISDICTION

4. Jurisdiction in this case arises pursuant to 28 U.S.C. § 1331, in that this action

arises under the Constitution, laws, or treaties of the United States, specifically the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*

### III. OPERATIVE FACTS

5. The injuries complained of in this Complaint were sustained within the course and scope of Plaintiffs employment with UNION PACIFIC RAILROAD COMPANY while furthering its activities in interstate commerce between the several states, as Plaintiff and Defendant, his employer, were mutually engaged in interstate commerce.

6. On or about July 28, 2017, Plaintiff was working on railcars attempting to replace a defective leaking airbrake line; and, the railroad did not supply a proper tool to do so. While trying to turn air hose, he sustained serious over-stress injuries to his neck, shoulder, back and other parts of his body, which have resulted in permanent and total disability. At the same time, he was caused to be over-heated. Notwithstanding his injuries, he walked back to the engine and attempted to recuperate, continuing to work that day. Not recovering, and after continuing to feel unwell, Plaintiff went to the emergency room on August 04, 2017 complaining of chest and neck pain. Plaintiff continues to experience debilitating injuries to his neck, back and left shoulder.

7. Defendant's railroad cars contained a defective air hose which was part of the braking system, which leaked and was defective in operation, for which Defendant failed to properly maintain. Plaintiff assisted in the removal and replacement of the air hose on July 28, 2017, and the physical force required to remove the air hose injured his neck, back, and shoulder, among other parts of his body, which have disabled him from all work. This air hose was an appurtenance on the train on which Plaintiff worked, it was defective, and defendant is strictly liable to plaintiff for all damages under the Safety Appliance Act.

## IV.  NEGLIGENCE

8.  Pleading in the alternative, Plaintiff's injuries were caused because defendant failed to provide the correct hose wrench, and Plaintiff alleges defendant negligently:

a. Failed to provide safety equipment mandated by the Safety Appliance Act, specifically proper air hoses;

b. Failed to provide safe and suitable tools to perform the assigned task;

c. Failed to institute safe methods of work; and

d. Failed to provide sufficient and appropriate training and guidance in the performance of assigned tasks, especially repetitive forceful tasks involving the use of hand held equipment which can cause cumulative injuries to the shoulder, neck, back wrists and body;

e. It failed to provide Plaintiff with a reasonably safe place to work;

f. It required Plaintiff to perform job duties which required repetitive use without sufficient rest and protection;

g. It negligently required and/or allowed Plaintiff to be exposed to dangerous levels of cumulative trauma and force to the body, and failed to provide proper instruction, proper supervision, and proper tools and equipment;

h. It negligently failed to warn Plaintiff of the risks of harm to which he was exposed;

i. It negligently failed to provide proper and safe work methods and medical surveillance;

j. It required Plaintiff to perform job duties which required repetitive use of his hands without adequate assistance;

k. It negligently failed to promulgate, issue, circulate, and/or enforce adequate safety rules regarding avoiding cumulative trauma injuries, especially those to the upper and lower extremities;

l. It negligently failed to make reasonable efforts to ascertain the risks and hazards of cumulative trauma and cumulative trauma disorders;

m. It negligently assigned him to continue to work with the awkward and defective tools on its locomotives, knowing this would aggravate any pre-existing

       conditions, thereby causing new and more serious injuries.

     n. It caused him to endure work assignments without proper breaks and rest, in violation of recommendations made by NIOSH, and AGIC standards;

     o. It negligently failed to take action in view of epidemiology and "notice" given to the railroad of historical "over-exertion" injuries caused by high levels of physical stress, and awkward positions in the workplace using the hands and arms of its locomotive trainmen.

9. After this incident, July 28, 2019, Plaintiff's physical condition continued to worsen, and his neck, shoulder, limb, back pain, and carpal tunnel syndrome has disabled plaintiff from work.

## V.   DAMAGES

10. Pleading in the alternative, the cause of the injuries and damages sustained by the Plaintiff were caused, in whole or in part, by the negligence of his employer, UNION PACIFIC RAILROAD COMPANY, acting through its agents, servants and employees acting in the course and scope of their agency or employment in violation of the Federal Employers' Liability Act, 45 U.S.C. §51 et seq.

11. Pleading in the alternative, Plaintiff's neck, shoulder, limb, back, and carpal tunnel injuries were caused in whole or in part by defective equipment of UNION PACIFIC RAILROAD COMPANY, causing strict liability under the applicable provisions of Title 45 of the United States Code, and the Safety Appliance Acts, Locomotives and Car Safety and Appliances, 49 U.S.C. § 20302, et seq.

12. Plaintiff claims the past, present and future damages as a result of the defendant's negligence, as follows:

     a. Lost wages, past, present and future, lost benefits and diminution in earning capacity;

     b. Physical pain and suffering;

    c. Mental Anguish;

    d. Disfigurement;

    e. Loss of physical function;

    f. Loss of enjoyment of life.

## VI. JURY DEMAND

13. Plaintiff demands trial by jury.

## VII. PRAYER FOR RELIEF

14. Wherefore, premises considered, Plaintiff requests that Defendant be cited to appear and answer, and that after due proceedings are had, that Union Pacific Railroad Company be held liable unto plaintiff for not less than $950,000.00 plus interest as allowed by law, plus costs of court, and all general and special relief to which he may be entitled.

Respectfully submitted,

S. Reed Morgan
TEXAS SBN 14452300
THE CARLSON LAW FIRM
100 East CenTex Expressway
Killeen, Texas 76542
Telephone: 254-526-5688
Facsimile: 254-526-8204
Email: rmorgan@carlsonattorneys.com
amrodriguez@carlsonattorneys.com

*Attorney for the Plaintiff*